# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

_____

**Arianna Fleming**

**On behalf of Herself and
all others similarly situated**

    **Plaintiffs**

    **v.**                        **Case No. _____**

**My First Peekaboo Ultrasound WI LLC
Jeremy Rodekuhr
Anna Rodekuhr**

    **Defendants.**
_____

# COMPLAINT
_____

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is an individual and collective action under the Fair Labor Standards Act against My First Peekaboo Ultrasound WI LLC ("My First Peekaboo") to seek redress for My First Peekaboo's failure to pay to the Named Plaintiff minimum wage and overtime wages required by the FLSA and Wisconsin law. Plaintiffs also seek to bring a collective action against the individual defendants for all underpayment of minimum wage and overtime pay required by the FLSA to all employees at My First Peekaboo clinics throughout the United States that resulted from the individual defendants installation of uniform policies to (1) never compensate any of its employees for clerical work performed for paying clients during the training period; (2) never paying employees for more than pre-determined number of hours per day no matter

1

how many hours they actually worked during the day; and (3) never paying employees overtime premium pay no matter how many hours they worked during individual workweeks.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has personal jurisdiction over the Defendants because they reside in and perform a substantial amount of work in this District; and because the Plaintiffs' claims arise in part from the Defendant's performance of work in, and therefore contacts with this District.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

## THE PARTIES

5. At all times relevant to the Complaint, the individual defendants were the owners of Defendant My First Peekapoo, a Wisconsin domestic limited liability corporation that operated clinics providing ultrasound photographing services for fetuses in Milwaukee and Racine, Wisconsin.

6. The individual defendants also operated My First Peekaboo clinics elsewhere in the United States, in particular in California and Massachusetts.

7. Named Plaintiff Arianna Fleming worked as an ultrasound technician for My First Peekaboo, for which she was responsible for preparing for and performing the ultrasound sessions, performing all required check-in and paperwork requirements for the ultrasound sessions, and selling products generated by the ultrasound sessions, at the Milwaukee clinic. Before working at the Milwaukee clinic Named Plaintiff trained at the Milwaukee and Racine

2

clinics. Plaintiffs are filing Fleming's FLSA consent form at the same time that they are filing this Complaint with the Court.

**FACTS**

8. When the Plaintiff was hired by My First Peekaboo, she was required to complete training as a prerequisite of her hiring. The training included three components: Performing ultrasounds on volunteers, shadowing another technician as she performed ultrasound services for real paying clients, and performing check-in and clerical work for the real paying clients that the shadowed technician performed the ultrasound services for, among others.

9. There was no classroom component, tests, or significant oversight to the training that the Plaintiff received from the Defendants; so that the training the Plaintiff received from the Defendants was significantly different from training that a vocational school may provide to its students.

10. The training the Plaintiff received from the Defendants did not lead to a degree or certification that Plaintiff could utilize to obtain employment from anyone other than My First Peekaboo.

11. When the Plaintiff performed check-in and clerical work for real paying clients, she was required to follow the Defendants' required procedures for the work, so that the work did not prepare the Plaintiff to perform similar check-in and clerical work for other providers of ultrasound services such as hospitals.

12. Plaintiff's training period lasted for several months. Even though the check-in and clerical work the Plaintiff performed was simple and could be mastered within a short period

3

of time, the Defendants continued to require the Plaintiff to perform the check-in and clerical work that she had already mastered thereafter.

13. Other technicians employed by the Defendants did not need to perform check-in and clerical work for paying clients because the Plaintiff had taken over and performed said work, often without any direct oversight or supervision.

14. The individual defendants established, and My First Peekeboo followed a uniform policy of not paying newly hired employees at all during the training period, including time periods when they performed check-in and clerical work for real paying clients.

15. Once Plaintiff completed her training, and became a paid employee, she was required to show up to the Milwaukee clinic before the first paying client arrived at 9 a.m, so that she could open the clinic, prepare the ultrasound machine, and complete required paperwork.

16. Plaintiff was also required to stay at the Milwaukee clinic until after the last client was scheduled to leave at 8 p.m. in order to perform work such as completing service for and selling products to the last patient, turning off the lights, turning off the computer, and locking up the clinic.

17. Even though Plaintiff was in theory supposed to receive a one hour lunch break, in practice the lunch break had to be taken while accommodating all client care needs, so that Plaintiff often was not permitted to take a lunch break of one hour in duration. For example, even if the Plaintiff left the clinic for lunch she may receive a call from the scheduler to return to the clinic because a client showed up early, thus cutting short her lunch break.

18. Because there were no laundry facilities at the Milwaukee facility, after completing her work day Plaintiff was required by the Defendants to take the towels and sheets

4

that she would need the next day to her home so that the towels and sheets could be washed and dried.

19. For her hours worked described in paragraphs 15-18 of the Complaint, as well as her time spent transporting the towels and sheets between her home and the Milwaukee clinic, Plaintiff was paid for no more than 10 hours per day, the equivalent of between 9 a.m. and 8 p.m. with an one hour lunch, no matter how many hours she actually worked during the day.

20. Because Plaintiff often worked 4 to 5 days per week, counting all of her hours worked would have frequently increased her number of hours worked over 40 per week.

21. Plaintiff was never paid overtime premium compensation no matter how many hours she worked during the workweek, so that she would receive biweekly paychecks for more than 80 hours of pay without any overtime premium pay.

22. Pursuant to an announced and established program, Plaintiff was eligible to receive bonuses for selling products to the Defendants' customers.

23. Because the Plaintiff never received overtime pay from the Defendants, the bonuses that she received for selling products to the Defendants' customers were never taken into account when computing her regular rate for overtime pay.

24. The two individual named defendants, as the owners of each of the My First Peekaboo clinics, were responsible for instituting and enforcing the uniform policies that caused the Plaintiff injury by (a) not paying her at all for her time spent performing check-in and clerical work for paying clients during her training period; (b) paying her for a maximum of ten hours per day no matter how many hours she worked during the day; and (c) not paying her overtime

5

pay, computed to include bonuses generated by the technician's sales, no matter how many hours she worked during individual workweeks.

## COLLECTIVE ACTION ALLEGATIONS

25. Named Plaintiff brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated technicians who worked for the individual defendants at any of their My First Peekaboo clinics who: (a) were not paid at all for the portion of their training time spent performing check-in and clerical work for the Defendants' paying clients; (b) were paid for no more than a set number of hours per day no matter how many more hours they worked during the day; and (c) were not paid overtime premium pay no matter how many hours they worked during the week.

26. Upon information and belief at any given time at each My Peekaboo clinic there would be one employee who would be scheduled to work at least four days per week, so that there are multiple members of the collective action in addition to Fleming who worked more than 40 hours per week for the Defendant.

27. Upon information and belief the training that Fleming received from the Defendants, including following the Defendants' procedures to perform check-in and clerical work for the Defendants' paying clients long after she had mastered the skills and with minimal supervision, was typical of training that the Individual Defendants provided to each newly hired inexperienced technician at each My First Peekaboo clinic.

28. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

6

§216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims similar to their first claim for relief.

29. The claims of the Named Plaintiff are representative of the claims of members of the proposed collective action in that she just like members of the proposed collective action did not receive any compensation for time spent performing check-in and clerical work for the Defendants' paying clients, was never paid for more than 10 hours per day no matter how many hours she worked, and was never paid overtime premium pay no matter how many hours she was credited as having worked during individual workweeks.

**COUNT I.   CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.**

30. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-29 of the Complaint.

31. Based upon the totality of circumstances pled in the complaint, the portion of training in which the Plaintiffs performed check-in and clerical work for the Defendants' paying clients was primarily for the Defendants' benefit.

32. The Defendants therefore violated the FLSA by failing to provide the Plaintiffs with minimum wage compensation for the portion of the Plaintiffs' training spent performing check-in and clerical work for the Defendants' paying customers.

33. The Plaintiffs' work time spent performing work before 9 a.m., after 8 p.m., and while laundering towels and sheets at home were necessary and indispensable to their performance of ultrasound imaging services for the Defendants' customers, and were known to the Defendants, so that the hours must be counted as hours worked under the FLSA.

7

34. Because the Plaintiffs' work of cleaning towels and sheets at home was integral and indispensable to her performance of work the next day, the work of cleaning the towels and sheets was a principal activity, so that her travel time from the Milwaukee clinic to her home prior to commencing the cleaning work was compensable travel time all within the workday.

35. Similarly, because Plaintiff was carrying cleaned towels and sheets needed for her work to the Milwaukee clinic, and because Plaintiff had no choice but to clean the towels and sheets at home and away from the Milwaukee clinic, the Plaintiff's travel transporting the towels and sheets from her home to the Milwaukee clinic constituted a compensable principal activity.

36. The Plaintiffs' actual lunch breaks during the workday, rather than one hour per day no matter what, should have been deducted from their work times for lunch.

37. The Defendants violated the FLSA by counting as hours worked by the Plaintiff no more than 10 hours per day, no matter how many hours she actually worked during the day.

38. Defendants additionally violated the FLSA by failing to pay any overtime compensation to the Plaintiff no matter how many hours she worked during the workweek.

39. Defendants additionally violated the FLSA by failing to include bonus payments, which it promised to the Plaintiff in return for her success in selling products to the Defendants' customers, in the regular rate that should have been used to compute the Plaintiff's overtime pay.

40. Because the Defendants had no reasonable grounds for believing that its methodology for non-compensation and compensation of its technicians complied with the FLSA, the Plaintiffs are entitled to liquidated damages as well as the application of a three years statute of limitations.

41. The plaintiffs are additionally entitled to their reasonable attorneys' fees incurred in prosecuting this first cause of action.

### COUNT II. CLAIM FOR UNPAID WAGES UNDER WISCONSIN LAW.

42. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-41 of the Complaint.

43. Pursuant to DWD §274.02(3), on each day that the Plaintiff's actual lunch break was less than 30 minutes uninterrupted, the entirety of her lunch break must count as hours worked.

44. Because Wis. Stat. §103.02 and DWD §272.12(1)(a) requires employees to receive pay at their regular rates for each and every straight time hour worked, Plaintiff is entitled to recover wages equal to her regular rate for each unpaid work hour during the first 40 hours of each workweek.

45. In all other aspects My First Peekaboo failed to pay to the Plaintiff minimum wages and overtime wages required by Wisconsin law in the same manner, and for the same reasons, as the Defendants failed to pay to the Plaintiff minimum wages and overtime wages required by the FLSA.

46. By failing to pay to the Plaintiff all minimum wages, straight time wages, and overtime wages required by the parties' agreement as well as Wisconsin's wage and hour statutes and regulations within 31 days of when the work was performed, My First Peekaboo violated Wis. Stat. §109.03(1), so that the Plaintiff is entitled to recover all wages owed to her, plus 50% of the unpaid wages as liquidated damages, plus her reasonable attorneys' fees and costs incurred in prosecuting this action.

9

Case 2:20-cv-00252-WED   Filed 02/17/20   Page 9 of 11   Document 1

WHEREFORE, the Plaintiff respectfully request the Court to enter an order that:

1. Finds that the Defendants are jointly and severally liable to her for all minimum wage and overtime pay, plus 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that the individual defendants are liable for all minimum wage and overtime pay, plus 100% liquidated damages, and attorneys' fees and costs to all technicians employed at any of the My First Peekaboo clinics who are similarly situated to her; and

3. Finds that Defendant My First Peekaboo is liable to her for all minimum wage, straight time pay, and overtime pay, plus 50% liquidated damages, and attorneys' fees and costs arising out of the Plaintiff's claims arising under Wisconsin law.

Dated this 17th day of February, 2020.

/s/Yingtao Ho_____
Yingtao Ho
Joseph M. Sexauer
Email: yh@previant.com
Attorney for Plaintiffs
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308

## Consent to Opt In and
## Participate as a Named Plaintiff in Suit for
## Violations of Fair Labor Standards Act

I, Arianna Fleming, hereby consents to participate in the lawsuit against My First Peekaboo Ultrasound WI, LLC, My First Peekaboo Ultrasound, LLC , and any other corporate entities that form the same single employer, along with their officers and managing agents responsible for the underpayment of wages to me ("Employers") under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employers have failed to pay to me minimum wage and overtime pay required by the Fair Labor Standards Act, so that I wish to pursue a claim for unpaid wages, liquidated damages, and attorneys' fees and costs against Employers.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 2-14-20

Signed: _____